PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODERICK GILCREASE,                )
                                   )    CASE NO.  1:21-CV-1934
            Petitioner,            )
                                   )
        v.                         )    JUDGE BENITA Y. PEARSON
                                   )
WARDEN BILL COOL,                  )
                                   )    **<u>MEMORANDUM OF OPINION</u>**
            Respondent.            )    **<u>AND ORDER</u>**
                                   )    [Regarding ECF No. 10]

Pending before the Court is Petitioner Roderick Gilcrease's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 8).  ECF No. 10.  For the following reasons, Petitioner's objection is overruled, the Report and Recommendation is adopted, and the habeas petition (ECF No. 1) is denied.

## I.      Background

In October 2017, a Cuyahoga County Court of Common Pleas Grand Jury indicted the Petitioner on twenty counts: (1) two counts of improperly discharging into habitation; (2) four counts of discharge of a firearm on or near prohibited premises; (3) nine counts of felonious assault; (4) one count of tampering with evidence; (5) two counts of carrying a concealed weapon; (6) one count of aggravated murder; and (7) one count of murder.  ECF No. 5-1 at PageID#: 66–81.  In April 2018, Petitioner waived his right to a jury trial.  ECF No. 5-1 at PageID#: 85.  In November 2018, a bench trial was held, and Petitioner was found guilty of (1) two counts of improper discharging into habitation; (2) three counts of discharge of firearm on or near prohibited premises; (3) one count of tampering with evidence; and (4) two counts of

(1:21-1934)

carrying a concealed weapon.  ECF No. 5-1 at PageID#: 87.  The judge found Petitioner not

guilty of the remaining charges.  ECF No. 5-1 at PageID#: 87.  As a result, Petitioner was

sentenced to twenty-five years in prison.  ECF No. 5-1 at PageID#: 90.

In May 2019, Petitioner appealed his conviction to the Ohio Court of Appeals, setting

forth four assignments of error.  Petitioner claimed:

I.      The trial court erred by denying Defendant's motion for a mistrial.

II.     The trial court erred by rendering guilty verdicts on counts one, two, three, and four as they are not sustained by sufficient evidence.

III.    The trial court erred by rendering guilty verdicts on counts one, two, three, four, and nineteen as they are against the weight of the evidence.

IV.     The trial court erred by imposing consecutive sentences where they are not supported by the record.

ECF No. 5-1 at PageID#: 107.  The state opposed Petitioner's claims.

In February 2020, the Ohio Court of Appeals overruled the assignments of error and

remanded for the limited purpose of resentencing on one missed count.  ECF No. 5-1 at

PageID#: 159.  In October 2020, the Ohio Supreme Court declined to exercise jurisdiction.  ECF

No. 5-1 at PageID#: 255.

On October 13, 2021, Petitioner Roderick Gilcrease filed the instant habeas petition,

ECF No. 1, in which he raises two grounds:

Ground One: Due process violation as a result of a violation of Petitioner's Fifth Amendment rights.

Ground Two: The conviction was based on legally insufficient evidence which resulted in a violation of Petitioner's right to due process.

ECF No. 1 at PageID#: 5, 7.  The habeas petition was referred to a magistrate judge for

preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Rule

72.2(b)(2).  On July 17, 2023, the magistrate judge issued a Report and Recommendation.  ECF

2

(1:21-1934)

No. 8.  The magistrate judge recommends that the Court deny the habeas petition.  Specifically,

the magistrate judge recommends denial of Ground One because Petitioner did not suffer "actual

prejudice" because of the alleged error; and denial of Ground Two is recommended because the

Ohio Court of Appeals' "decision is neither contrary to, nor involves an unreasonable application

of, clearly established federal law."  ECF No. 8 at PageID#: 1385.

Petitioner filed Objections to the Report and Recommendation on August 30, 2023.[1]

ECF No. 10.  Petitioner objects to the magistrate judge's recommended resolution of Ground

Two and does not address Ground One.  Petitioner's objection claims:

> Although the trial court, Court of Appeals, and Magistrate Judge's Report cast
> doubt on Mr. Gilcrease's testimony . . . there was no evidence presented by the
> State to refute his testimony.  Doubt as to Mr. Gilcrease's denial does not equate
> to proof beyond a reasonable doubt of his guilt.  As such, based on the facts of the
> case, Ohio's Eighth District Court of Appeals erred in its application of law.

ECF No. 10 at PageID#: 1394.  Respondent did not respond to Petitioner's objection.

## II.      Standard of Review

When a petitioner makes an objection to a magistrate judge's Report and

Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. P. 72(b)(3).  A

district judge:

> must determine *de novo* any part of the magistrate judge's
> disposition that has been properly objected to. The district judge
> may accept, reject, or modify the recommended disposition; receive
> further evidence; or return the matter to the magistrate judge with
> instructions.

*Id.*  Importantly, objections "must be specific in order to trigger the de novo review."  *Bulls v.*

*Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R.

---

[1] Petitioner's objection is timely because the Court granted his motion for an
extension of time to file objections.

(1:21-1934)

Civ. P. 72(b)(2)).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)).  "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'"  *Id.* (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)).  "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections."  *Potter*, 2020 WL at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1) – (2); *see also Wilson v. Sheldon*, 874 F.3d 470, 474 – 475 (6th Cir. 2017).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  "A federal court may not issue the writ on the basis of a perceived error of state law."  *Nguyen v. Warden, N. Cent. Corr. Inst.*, No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the

(1:21-1934)

state court's rulings on such matters.  *See* Mason v. Nagy, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also* Cristini v. McKee, 526 F.3d 888, 897 (6th Cir. 2008) (stating that "[a] violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution").

### III.    Ground One

Petitioner did not object to the magistrate judge's finding that his first ground for relief fails to demonstrate entitlement to habeas relief.  A habeas corpus petitioner has a "duty to pinpoint those portions of the magistrate's report that the district court must specially consider." Enyart v. Coleman, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014) (citation omitted).  Since Petitioner did not object to the magistrate judge's recommendation regarding Ground One, the Court need not conduct a *de novo* review of the Report and Recommendation regarding Ground One.  Therefore, the Court adopts the Report and Recommendation relative to Ground One. Accordingly, Petitioner's first ground for relief is denied.

### IV.    Ground Two

In his second ground for relief, Petitioner contends that his conviction was based on legally insufficient evidence which resulted in a violation of his due process right pursuant to the Fourteenth Amendment.  Petitioner's objection to the Report and Recommendation is simply a repackaging of Ground Two in his habeas petition.  ECF No. 7.  Petitioner uses virtually verbatim language from two paragraphs of the Traverse within his objection.  *See* ECF No. 10 at PageID#: 1392, 1393; ECF No. 7.  The remainder of Petitioner's objection is not verbatim but

5

(1:21-1934)

restates arguments previously made to the magistrate judge.  Because Petitioner complains of the magistrate judge's conclusion without pointing to specific error, the objection is not proper, and the Court need not conduct *de novo* review.  This determination is consistent with applicable law.  *Potter*, 2020 WL 870931 at *2 (reasoning that because petitioner's objection was supported "with an exact recitation of arguments that were previously raised before the Magistrate Judge, Petitioner's objection does not meet the specificity requirement that triggers this Court's obligation to perform a de novo review of the Report and Recommendation").  Accordingly, the Court rejects Petitioner's objection to his second ground for relief and adopts the analysis and conclusions of the Report and Recommendation as to Ground Two.  Accordingly, Ground Two is denied.

## V.    Conclusion

For the foregoing reasons, the assigned magistrate judge's Report and Recommendation is adopted in its entirety, Petitioner's objection is overruled, and the habeas petition (ECF No. 1) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


October 31, 2023                                       */s/ Benita Y. Pearson*
Date                                                          Benita Y. Pearson
                                                                United States District Judge